# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Franklin County Children and Youth Services, | : : | **SEALED CASE** |
| Petitioner | : : | |
| | : | No. 2086 C.D. 2016 |
| v. | : | Submitted: May 5, 2017 |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: August 3, 2017**

Franklin County Children and Youth Services (CYS) petitions for review from a decision of the Department of Human Services (DHS), Bureau of Hearings and Appeals (BHA), which determined that a license inspection summary (LIS) issued to CYS was not appealable. Essentially, CYS challenges DHS' determinations that CYS violated the two regulations cited in the LIS. Upon review, we affirm.

In January 2016, CYS filed a "CHILD FATALITY/NEAR FATALITY DATA COLLECTION FORM" with DHS' Office of Children, Youth and Families (OCYF), ChildLine and Abuse Registry, regarding the death of a child following the administration of medical treatment by the child's parents. Reproduced Record (R.R.) at 49a-56a. CYS later submitted a corrected form. R.R. at 64a-66a.

In July 2016, DHS conducted a file review regarding the reported death, which involved suspected abuse. R.R. at 68a. As a result of that review, DHS determined CYS did not comply with two DHS regulations in its handling of the matter. R.R. at 68a-69a. More particularly, DHS determined that CYS violated 55 Pa. Code §3490.55 (relating to "Investigation of reports of suspected child abuse") and 55 Pa. Code §3130.21(b) (relating to "Responsibilities of county executive officers"). R.R. at 68a-69a. DHS notified CYS that it was required to submit a plan of correction relating to these violations. Id.; see 55 Pa. Code §20.52 ("If, during an inspection, authorized agents of [DHS] observe items of noncompliance with licensure or approval regulations, the legal entity shall submit an acceptable written plan to correct each noncompliance item and shall establish an acceptable period of time to correct these items.").

Thereafter, CYS sought to appeal the findings of noncompliance set forth in the LIS to the BHA based on its disagreement with DHS' interpretation of the regulations at issue. CYS indicated it filed its appeal pursuant to 55 Pa. Code §3680.14, which states: "The legal entity has the right to appeal [DHS'] decisions related to licensure or approval under [2 [Pa. C.S.] §§ 501--508 and 701--704 (relating to Administrative Agency Law) and 1 Pa. Code Part II (relating to General Rules of Administrative Practice and Procedure)."

Shortly thereafter, the BHA issued a decision in which it explained that the LIS was not an appealable action. Specifically, BHA advised CYS:

> On September 19, 2016, the [BHA] received your petition to appeal a [LIS] finding of non-compliance. Pursuant to 55 Pa. Code § 3130.82(a) a county children

2

and youth social service agency has the right to appeal [DHS'] decisions related to licensure or approval. A [LIS] is neither a licensure issue nor an approval issue, and therefore is not an appealable action under 55 Pa. Code §3130.82(a). Pursuant to 55 Pa. Code §20.81, a legal entity has the right to appeal the denial, nonrenewal, or revocation of a certificate of compliance, the issuance of a provisional certificate of compliance, and the length of time for which a provisional certificate of compliance is issued. There is no indication the [LIS] resulted in the denial, nonrenewal, or revocation of a certificate of compliance or the issuance of a provisional certificate of compliance, and therefore is not an appealable action under 55 Pa. Code §20.81.

R.R. 77a.

Thereafter, CYS sought permission to appeal the LIS to this Court. A single judge of this Court dismissed CYS' petition to the extent it sought permission to appeal an interlocutory order. However, because CYS' petition was timely from the BHA's decision dismissing the appeal, the Court denied CYS' petition without prejudice to file a petition for review in this Court's original and/or appellate jurisdiction within 30 days. CYS subsequently filed a petition for review of the LIS appeal pursuant to 42 Pa. C.S. §763 (generally vesting Commonwealth Court with jurisdiction over direct appeals from government agencies). This matter is now before us for disposition.

On appeal,[1] CYS challenges DHS' determinations that it violated the regulations cited in the LIS. Generally, CYS argues DHS misinterpreted the

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings of fact **(Footnote continued on next page…)**

3

language of the regulations when it issued the LIS, which set forth the violations at issue.[2]

DHS counters that where, as here, an agency informs a license holder that it is in violation of regulatory requirements, but does not issue a final order that imposes a sanction against the licensee's property interest, no adjudication occurs and therefore no appeal rights attach. It contends the BHA properly refused to accept CYS' appeal on jurisdictional grounds. Additionally, DHS argues, because CYS does not address the BHA's dismissal of its appeal on jurisdictional grounds, any challenge to the BHA decision is waived.

"[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." Commonwealth v. Smyrnes, 154 A.3d 741, 748 (Pa. 2017) (citation omitted); see also Summit Acad. v. Dep't of Human Servs. (Pa. Cmwlth., No. 257 C.D. 2015, filed December 7, 2015), 2015 WL 8190829 (unreported) (where appellant failed to raise issue that

---

**(continued…)**

were supported by substantial evidence. Nancy Hadlock's Family Child Care Home v. Dep't of Pub. Welfare, 103 A.3d 851 (Pa. Cmwlth. 2014).

[2] At the end of the Statement of Jurisdiction section of its brief, CYS briefly states: "This matter requires judicial review, and the Commonwealth Court has original jurisdiction pursuant to 210 Pa. Code §1501 and 210 Pa. Code §1502 to review actions by the Commonwealth of Pennsylvania, specifically [DHS] in this matter." Br. of Petitioner at 1. However, CYS offers no further explanation as to how this matter is properly within this Court's original jurisdiction. Further, CYS later characterizes the present action as an appeal. Id. at 9.

4

LIS constituted appealable adjudication in its main brief to this Court, issue was waived).[3]

Here, in its brief to this Court, CYS does not challenge the BHA's determination that the LIS was not an appealable adjudication. As such, this issue is waived. Smyrnes; Summit Acad.

In any event, even if not waived, no error is apparent in the BHA's dismissal of CYS' appeal of the LIS. To that end, Section 101 of the Administrative Agency Law defines "adjudication," in relevant part as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. …" 2 Pa. C.S. §101.

Further, DHS regulations delineate the decisions that may be appealed, stating:

> The legal entity has the right to appeal any of the following:
>
> (1) The denial of a certificate of compliance.
>
> (2) The nonrenewal of a certificate of compliance.
>
> (3) The revocation of a certificate of compliance.

---

[3] Unreported cases may be cited as persuasive. See Commonwealth Court Internal Operating Procedure 414, 210 Pa. Code §69.414 (unreported panel decisions of the Commonwealth Court, issued after January 15, 2008, may be cited for their persuasive value).

(4) The issuance of a provisional certificate of compliance.

(5) The length of time for which a provisional certificate of compliance is issued.

(6) The reduction in the maximum capacity of the facility or agency.

(7) The denial of an increase in the maximum capacity of the facility or agency.

55 Pa. Code §20.81.

Here, the LIS does not fall within any of the enumerated categories of decisions that may be appealed. Indeed, in Summit Academy, this Court affirmed a BHA decision that dismissed a treatment facility's appeal of an LIS for lack of jurisdiction. We rejected the facility's argument that the regulations and procedures governing the LIS violated its due process rights. Further, this Court outlined in detail the "procedural avenues [that were] available to the [f]acility to contest the violations in the LIS."[4] Summit Acad., Slip Op., at 23, 2015 WL

---

[4] County children and youth social service agencies must satisfy DHS' procedural requirements regarding the issuance of a certificate of compliance. 55 Pa. Code §3130.1. A "certificate of compliance" is a "document issued to a legal entity permitting it to operate a specific type of facility or agency, at a given location, for a specified period of time, and according to appropriate [DHS] program licensure or approval regulations." 55 Pa. Code §20.4. The county agency is subject to DHS' authority to conduct inspections, including an annual, announced inspection, unannounced on-site inspections, and complaint inspections. 55 Pa. Code §§20.31-20.33. When DHS conducts an inspection, it will issue a certificate of compliance if the county agency is in compliance with applicable statutes, ordinances and regulations; however, if DHS observes the county agency is not compliant with licensure or approval regulations, the county agency is obligated to submit an acceptable written plan to correct each noncompliant item. 55 Pa. Code §§20.51-20.53. DHS may deny, refuse to renew, or revoke a certificate of compliance when a facility fails "to submit an acceptable plan to correct noncompliance items." 55 Pa. Code § 20.71(3). If DHS decides to revoke or not renew a certificate of compliance, a facility has the right to an appeal and evidentiary hearing before an Administrative Law Judge (ALJ) and the BHA. 55 Pa. Code §§20.81(2)-(3); 20.82; 3800.12; see Summit Acad. v. Dep't of

**(Footnote continued on next page…)**

8190829 at \*12 (citing <u>Citizens Coal v. Dep't of Envtl. Prot.</u>, 110 A.3d 1051 (Pa. Cmwlth. 2014)). Thus, even if CYS properly preserved a challenge to the BHA's dismissal of its appeal of the LIS, such an argument would fail. <u>Summit Acad.</u> As such, we affirm.

ROBERT SIMPSON, Judge

**(continued…)**

<u>Human Servs.</u> (Pa. Cmwlth., No. 257 C.D. 2015, filed December 7, 2015), 2015 WL 8190829 (unreported).

The LIS contains detailed notice of the violations, and DHS provides CYS the opportunity to contest the violations by making comments in Section 5 of the LIS. Reproduced Record (R.R.) at 68a. CYS is permitted to state its response in this section and to "attach pages as necessary." R.R. at 70a. There is nothing in DHS' regulations that prohibit CYS from maintaining its position and stating on its plan of correction that no plan is needed because no violations occurred. <u>Summit Acad.</u> In such a situation, DHS will be forced to consider CYS' written response to the LIS to determine whether the proposed plan of correction is "acceptable." 55 Pa. Code §20.52; <u>Summit Acad.</u> If DHS decides the plan is not, it may revoke CYS' certificate of compliance. 55 Pa. Code §20.71(a)(3); <u>Summit Acad.</u> On the other hand, upon review of the written response, DHS may decide the violations are not properly supported, and the regulations do not prohibit DHS from retracting or rescinding the LIS. <u>Summit Acad.</u> In the event DHS revokes the certificate of compliance, CYS will have the opportunity to appeal, and it will receive a post-deprivation evidentiary hearing before an ALJ and the BHA, along with the right to seek further appellate review in this Court and the Supreme Court. <u>Id.</u>

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Franklin County Children and  
Youth Services,  
                Petitioner  

           v.  

Department of Human Services,  
               Respondent  

:  
:   **SEALED CASE**  
:  
:  
:   No. 2086 C.D. 2016  
:  
:  
:  
:  
:  
:  

# O R D E R

**AND NOW**, this 3rd day of August, 2017, the September 28, 2016 order of the Department of Human Services, Bureau of Hearings and Appeals, is **AFFIRMED**.

 

                                  _____

                                  ROBERT SIMPSON, Judge